UNITED STATES DISTRICT COURT FOR
THE NORTHEN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MINOR I DOE,**
through parent PARENT I DOE
and
**MINOR II DOE,**
through parent PARENT II DOE,

       **Plaintiffs,**

vs.

       Case No. 3:08cv361/MCR/EMT

**SCHOOL BOARD FOR SANTA ROSA
COUNTY, FLORIDA, et al.,**

       **Defendants.**
_____/

## ORDER

In this action plaintiffs Minor I Doe and Minor II Doe, through their parents, sue defendants School Board for Santa Rosa County; Superintendent John Rogers; and Pace High School Principal H. Frank Lay. Plaintiffs allege in their complaint that defendants have "used their government positions throughout the School District of Santa Rosa County, Florida ("School District") to persistently and pervasively promote their personal religious beliefs in the public schools and at school events." (Doc. 1 at 2). According to the complaint, plaintiffs bring their "Establishment Clause lawsuit to challenge the policies, practices, and customs promoting religion through the School District." (*Id.* at 3). Plaintiffs seek as relief a declaratory judgment that certain of the Defendants' policies, practices, and customs violate the Establishment Clause of the First Amendment to the U.S. Constitution and the "No Aid" provision of the Florida Constitution" (*Id.* at 30). *Inter alia,* plaintiffs also seek a permanent injunction prohibiting the defendants and other School District officials from continuing their unconstitutional conduct at Pace High School and all other schools within the School District from:

>1. Promoting, advancing, aiding, facilitating, endorsing, or causing religious prayers or devotionals during school-sponsored events;
>2. Planning, organizing, financing, promoting, or otherwise sponsoring religious baccalaureate services at all schools within the Santa Rosa School District, including at Pace High School;
>3. Holding school-sponsored events at religious venues when alternative venues are reasonably available;
>4. Permitting school officials to promote their personal religious beliefs and proselytize students in class or during school-sponsored events and activities; and
>5. Otherwise unconstitutionally endorsing or coercing religion.

(*Id.* at 30-31, ¶¶ B1-5) .

The procedural history of this case, which is brief, includes the following events. Plaintiffs initiated the action on August 27, 2008, and the court entered an initial scheduling order September 8, 2008.  The parties held a planning meeting as directed in the initial scheduling order and on October 10, 2008, filed their Fed.R.Civ.P. 26(f) joint report.  On October 23, 2008, the court conducted a Rule 16 conference to address the parties' request for assistance in identifying a trial date and to discuss other case management matters, including the desirability of concluding this case prior to graduation events scheduled for the end of May 2009.  The court entered a final scheduling order on October 27, 2008, setting trial, a period of discovery, deadlines for filing dispositive motions, etc.

On December 15, 2008, the defendants filed a "Notice of Admission of Liability, Unopposed Motion for Scheduling Conference, and Unopposed Motion to Stay Discovery." (Doc. 44). In short, the Notice states that the defendants "notif[y] the Court that they admit liability in this action, acknowledge that Plaintiffs are entitled to certain relief and hereby request an order setting a scheduling conference and staying all discovery." (*Id.* at 3-4*)*. As requested, the court entered an order setting a case management conference for January 9, 2009, and staying discovery.  At the January 9, 2009, conference, the court and parties discussed the defendants' admission of liability and all agreed that based on the admission of liability temporary injunctive relief was appropriate pending the entry of permanent relief in the form of a consent decree.  The parties further agreed that the terms of the temporary injunction would follow the relief sought by the plaintiffs in Paragraphs B1-

5 of the request for relief section of their complaint. *See above.* In entering the January 9, 2009, temporary injunction, the court made no findings of fact and reached no conclusions of law because no facts and no legal argument on the issues alleged in the complaint were before it at that time; indeed, to date the parties have submitted no evidence whatsoever to the court regarding the practices, policies, and customs that are the subject of the plaintiffs' complaint. The injunction was entered based only on the parties' mutual agreement that an order temporarily enjoining what the defendants had admitted was unconstitutional conduct was proper and the defendants' assent to the terms of that injunction.

At the January 9, 2009, conference the defendants also requested the court's involvement in the parties' efforts to fashion permanent relief in the form of a consent agreement. The court initially considered this a viable approach and made a referral to the magistrate judge for this purpose. In light of the following concerns, however, by order dated January 14, 2009, the court withdrew the referral. The parties have emphasized that they wish to have permanent injunctive relief in place prior to the May 2009 graduation activities. But, as with any agreement, there is always the possibility the parties may be unable to reach an accord on the complex terms of the consent decree, the negotiation of which could be a formidable and lengthy task even with the able assistance of the magistrate judge. If the parties do not reach an agreement, additional, possibly time-consuming proceedings before the undersigned would then be necessary. Especially in light of the court's heavy criminal and civil docket, allowing adequate time for a briefing schedule, evidentiary hearing(s) if necessary, and a judicial ruling on any disputed issues of fact and/or law could mean that this case would not be concluded within the contemplated time frame.

To discuss these concerns and revisit the timetable for expeditiously resolving this case, the court held a case management conference on January 16, 2009. At that time, the court heard from the parties and discussed the foregoing concerns with them. The parties reported that, as to most of the primary substantive issues, they now believe they are fairly close to reaching a final agreement. The court therefore agreed to give the

parties additional time in which to work out the details of the consent decree on their own prior to any further judicial involvement. As the court reminded the parties at the conference, a consent decree "is essentially a form of contract." *Reynolds v. McInnes*, 338 F.3d 1201, 1211 (11th Cir. 2003). Accordingly, in any proposed consent decree it is up to the parties to reach terms that are mutually acceptable to them.  Only if the parties are unable to do so will the court step in and decide any disputed issues of fact or law that are relevant to the constitutional issues or rights asserted by the plaintiffs in their complaint. In any event, the timetable set by the court below should accommodate the desire to conclude this matter well prior to the School District's May 2009 graduation date(s).

Accordingly, it is ORDERED:

1. No later than **February 13, 2009**, but sooner if possible, the parties shall file a joint report advising the court of the progress they have made towards fashioning a proposed consent decree in this case.

2. If the parties have reached full agreement as to the terms of the proposed consent decree, along with their joint report they shall also submit a copy of the proposed consent decree to the court for its review and approval.

3. If the parties have not reached full agreement as to the terms of the proposed consent decree, they shall so advise the court in their joint report and identify the area(s) of disagreement.  The court will immediately schedule a case management conference at which the court will establish an expedited schedule for the parties to file opposing memoranda and reply briefs, allowing sufficient time for the court to enter any necessary factual findings and/or conclusions of law.

DONE AND ORDERED this 21st day of January, 2009.


                s/ *M. Casey Rodgers*
                **M. CASEY RODGERS**
                **UNITED STATES DISTRICT JUDGE**