UNITED STATES DISTRICT COURT FOR
THE NORTHEN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MINOR I DOE,
through parent PARENT I DOE
and
MINOR II DOE,
through parent PARENT II DOE,

    Plaintiffs,

vs.

    Case No. 3:08cv361/MCR/EMT

SCHOOL BOARD FOR SANTA ROSA
COUNTY, FLORIDA, et al.,

    Defendants.
_____/

## CONSENT DECREE AND ORDER

On August 27, 2008, Plaintiffs MINOR I DOE and MINOR II DOE filed a Complaint asserting claims pursuant to 42 U.S.C. §1983 against Defendants SCHOOL BOARD FOR SANTA ROSA COUNTY, FLORIDA ("School Board"), JOHN ROGERS, in his official capacity as Superintendent of the School District of Santa Rosa County, Florida (who has subsequently been replaced by Tim Wyrosdick), and H. FRANK LAY, in his official capacity as Principal of Pace High School (collectively "Defendants"). The Defendants admitted liability for the claims in the Complaint and for the violations of the U.S. Constitution's Establishment Clause and the Florida Constitution's No-Aid Provision.

The parties now wish to avoid further costly and protracted disputes and have agreed voluntarily, as indicated by the signatures below, to resolve the Plaintiffs' claims by entering into this Consent Decree and Order (hereinafter "Order").

The Court has reviewed the claims as to which the Defendants have admitted liability and the terms of the Agreement set out in this Order which the parties have together reached. Other than with respect to the issue of the Plaintiffs' proceeding

anonymously in this action, the Court has not been asked to, and therefore does not, decide any legal or factual dispute concerning the matters presented herein. Instead, the Court's role in adopting the parties' Agreement is limited to ensuring the Agreement comports with the U.S. Constitution, which prescribes the floor beneath which protections may not fall rather than a ceiling. Concluding that the terms of the parties' Agreement are appropriate under the circumstances presented and that the entry of this Order comports with federal constitutional law, the Court therefore

**ORDERS, ADJUDGES, and DECREES** as follows:

1.  Some of the Defendants' District-wide policies, practices, and customs alleged in the Complaint violate the Establishment Clause of the First Amendment to the U.S. Constitution and the "No Aid" provision of the Florida Constitution. Some of the Defendants' policies, practices, and customs (1) endorse and promote religion and (2) have the purpose or effect of advancing religion.

2.  The Clerk shall enter Judgment in favor of the Plaintiffs, Minor I Doe and Minor II Doe, and against the Defendants. Defendants shall pay Minor I Doe damages in the amount of $1.00. Defendants shall pay Minor II Doe damages in the amount of $1.00.

Definitions

3.  The following definitions shall apply to this Order. In construing these definitions the singular shall include the plural and the plural shall include the singular:

    (a)  "Club" means a noncurricular student group recognized by the School District and that qualifies through the five, safe-haven provisions (20 U.S.C. §4071(c)) for protection under the Equal Access Act.

    (b)  "Prayer" means a communication with a deity, including, but not limited to, a devotional, benediction, invocation, the Lord's Prayer, blessing, reading from a sacred text (unless done as part of an authorized curriculum), sermon, or otherwise calling upon a deity to offer guidance, assistance, or a blessing.

    (c)  "Religious Service" means a convocation for a religious reason of any kind, in whole or in part, or religious worship, including, but not limited to, baccalaureate, and includes all aspects of religious observance and practice, as well as belief.

    (d)  "Religious Title" means Benediction, Invocation, Prayer, Blessing,

Inspirational Message, Sermon, Devotional Pledge, Bible Reading, Devotion or any other title that in any way relates to Prayer or a deity.

(e) "Religious Venue" means a property, facility, building, or place that is maintained and controlled by or for a religious body that is organized, in whole or in part, to sustain public worship.

(f) "School District" means the Santa Rosa County School District.

(g) "School Event" means any happening sponsored, approved, or supervised by a School Official acting in his or her official capacity. It includes, but is not limited to, a graduation, grade-promotion ceremony, award program, induction ceremony, pep rally, competition, practice, performance, class instructional time, and a club meeting or event. However, a Club meeting or event is not a School Event if all School Officials are present at its meetings and events in a "nonparticipatory capacity," as used in the Equal Access Act. Furthermore, when School District facilities are rented to a person or entity that is not a School Official, the event or happening during the rental period and at the rented location shall not be a School Event if all of the following are true: (1) the rent collected is consistent with the rental rate indiscriminately charged to all rental applicants, (2) the rental time period is not during school hours, and (3) the principal attendees are not School District students.

(h) "School Official" means the Defendants and their officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with them in his or her official capacity. If these persons are present at a School Event, then they are present in their official capacity. However, outside organizations that receive no support from the Defendants, do not receive remuneration of any kind from the Defendants, are not controlled by the Defendants, and are not given preferential treatment or access (e.g., to sell wares) by the Defendants are not School Officials, for example booster clubs when they satisfy these requirements.

## Equal Access Act

4. No provision in this Order is intended to supplant or alter the rights afforded student clubs by the Equal Access Act. School Officials shall comply with the Equal Access Act, 20 U.S.C. §4071 et seq.

## Permanent Injunction

5. **Prayer at School Events**: School Officials are permanently enjoined from promoting, advancing, endorsing, participating in, or causing Prayers during or in conjunction with School Events for any school within the School District:

 (a) School Officials shall neither offer nor participate in a Prayer during or in conjunction with a School Event.

 (b) School Officials shall prohibit non-student third-parties (including clergy or other religious leaders) from offering a Prayer, invocation, benediction, or other religious remarks during or in conjunction with a School Event.

 (c) School Officials shall not include Prayer, whether or not it is noted in a printed program, during or in conjunction with a School Event. School Officials shall not authorize students, student groups, a student body (e.g., through an election), or third parties to include Prayer, whether or not it is noted in a printed program, during or in conjunction with a School Event.

 (d) School Officials shall not encourage, solicit, or invite any person, either implicitly or explicitly, to deliver or offer a Prayer during or in conjunction with a School Event. School Officials shall not set aside a time for Prayer during or in conjunction with a School Event.

 (e) If a School Official elects to review or may by policy review the content of a student's or any other person's planned address during or in conjunction with a School Event, then School Officials shall prohibit the person making the address from offering a Prayer.

 (f) School Officials shall prohibit any segment of a School Event from having a Religious Title. School Officials shall not give any segment of a School Event a Religious Title. School Officials shall not permit students, student groups, or third parties to give a segment of a School Event a Religious Title.

 (g) If School Officials select persons to make an address during or in conjunction with School Event, they shall do so by a selection process that is neutral to religion and in compliance with a written policy.

 (h) To the extent that School Officials permit a person during or in conjunction

with School Events to give an address that a School Official can or does shape, review, or edit for content, substance, message, style, or theme, then School Officials shall instruct the person that the person's address must exclude Prayer.

6.      **Religious Services (Baccalaureate)**: School Officials are permanently enjoined from planning, organizing, financing, promoting, or otherwise sponsoring in whole or in part a Religious Service, including baccalaureate, for any school within the School District:

    (a)     School funds shall not be used to plan, organize, finance, promote or otherwise sponsor a Religious Service, including, but not limited to (1) printing programs for a Religious Service, (2) compensating or reimbursing expenses for a speaker at a Religious Service, or (3) paying for overhead costs (lighting, heating, cooling, janitorial, etc.) for a Religious Service. This subsection shall not apply when the School Board rents School District facilities for rental rates that are equally charged to all rental applicants.

    (b)     School Officials shall not require School Officials to attend any Religious Service, including baccalaureate. School Officials shall not be tasked with responsibilities at any Religious Service, except to supervise a Club meeting or event. School Officials shall not monitor behavior of students or require them to conform to any standards at any Religious Service, including delineating proper dress at baccalaureate, except to supervise a Club meeting or event. School Officials shall not plan or organize any Religious Service on school time or do so by using School District equipment or supplies.

    (c)     School Officials during or in conjunction with a School Event shall not require or encourage students to attend any Religious Service, including baccalaureate. School Officials shall prohibit a school band or choir from performing at a Religious Service, including baccalaureate. Provided however, that individual students, in their personal capacity, may not be prohibited from such performance.

    (d)     While School Officials in their personal capacity may participate in a Religious Service, their role and participation shall not be in their official capacity. No Religious Service commemorating the graduation or grade-promotion of a class of students shall be comprised, led, or directed principally by School Officials. School Officials collectively shall not conform their seating or dress so as to designate their participation or attendance at a Religious Service is by virtue of their official positions.

7.  **School Events at Religious Venues**: School Officials are permanently enjoined from holding School Events for any school within the School District at a Religious Venue when an alternative venue is reasonably suitable that is not a Religious Venue. When it is reasonably necessary for a School Event to be held at a Religious Venue, the secular justification for the use of the Religious Venue shall be documented pursuant to subparagraph 7(a).

(a)  If a School Event is held at a Religious Venue, School Officials shall document in writing before the event takes place the following: (1) the Religious Venue's physical address, (2) the Religious Venue's owner and contact information, (3) the owner's affiliation with a house of worship or congregation, if any, (4) the nature of the School Event, the expected number and category (students, School Officials, and others) of attendees, and the available parking, (5) the venue for the last three years for past school events of this nature for this school, (6) the compensation that will be paid to use this Religious Venue, (7) the compensation typically paid to use this Religious Venue, if known, (8) the distance from the applicable school, whose event this is, and the Religious Venue, (9) the identity of the School Officials involved in selecting the Religious Venue, and (10) a certification that no other venue that is not a Religious Venue would be reasonably suitable for this School Event. The written documentation shall be verified by the signature of at least one School Official. School Officials shall transmit a copy of this written documentation to the superintendent's office or his or her delegatee for maintenance and review by the public. The use of a Religious Venue for a School Event may only be done with the approval of the Superintendent or his or her delegatee.

(b)  Notwithstanding the foregoing and without complying with this procedure, School Officials may hold School Events at a venue, facility, or property owned or maintained by (1) another School Board (e.g., a opposing team in a football game); (2) a state or any political subdivision or agency thereof; or (3) any Non-Religious Venue.

8.  **Promotion of Personal Religious Beliefs**: School Officials are permanently enjoined from permitting School Officials at any school within the School District to promote their personal religious beliefs to students in class or during or in conjunction with a School Event.

(a) School Officials shall not participate in any way in a Prayer with students during or in conjunction with instructional periods or a School Event. During or in conjunction with a School Event, School Officials shall not offer a Prayer, recite a Prayer alongside or with students, or posture in a manner that is likely to be perceived as an endorsement of the Prayer, e.g. bowing their heads, kneeling, or folding their hands.

(b) School Officials shall be present at student-, religious-club meetings or events only in a nonparticipatory capacity. School Officials shall not lecture, proselytize, pray, or preach at student-, religious-club meetings or events.

(c) School Officials shall not cite to the Bible as authority for historical or scientific fact to students during or in conjunction with a School Event, which is consistent with current State curriculum.

(d) School Officials during or in conjunction with a School Event shall not solicit, discourage, or encourage students to engage in religious activity or attend a Religious Service.

(e) School Officials shall not orally express personal religious beliefs to students during or in conjunction with instructional time or a School Event. A School Official shall not express personal religious beliefs to students through written or symbolic means, except as jewelry on the School Official's person or clothing or religious articles compelled to be worn by the School Official's sincerely held religious beliefs e.g. a yarmulke. Absent an articulated nonreligious pedagogical reason, School Officials shall not display religious symbols or quotations from sacred books on the classroom walls, erect them on the classroom floor, or attach or place them on the District's tangible property.

(f) School Officials shall not include any religious beliefs or references to a deity or religious leader or prophet or their affiliation with a religious congregation, on their Teacher Pages or similar teacher-specific pages posted on or directly navigable from a District school's webpage.

(g) For each school club or organization of students that is not a Club, School Officials shall prohibit the club or organization from having a position in the organization of "chaplain" or one whose responsibilities are to serve as a religious leader, counselor, or guide.

9. School Officials are permanently enjoined from taking retaliatory action against Plaintiffs for bringing this lawsuit.

## Other Orders

10. The Defendants shall provide a copy of this Order to all current School Officials throughout the School District. The Defendants shall provide a copy of this Order to all persons who later become School Officials, for the period from the present to January 1, 2015. This Order shall be disseminated in the same manner as School Board Policies and Procedures and shall be maintained in any electronic or paper policy manual. This Order shall be included in the District's "Code of Student Conduct" or substantially equivalent publication.

11. The Defendants shall continue to maintain a process for the investigation of student initiated complaints.

12. This Court retains jurisdiction of this case to enforce the terms of this Order.

13. **Attorneys' Fees, Costs, and Litigation Expenses**: Pursuant to (a) 42 U.S.C. §1988, (b) Rule 54, Federal Rules of Civil Procedure, and (c) Rule 54.1, Local Rules of the Northern District of Florida, the Plaintiffs are the prevailing parties on all claims. The Defendants are liable (as the term is used in N.D. Fla. Loc. R. 54.1(C)) for the Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses in accordance with applicable law. The parties shall follow the Local Rules for the Northern District of Florida in determining the amount of taxed costs and the amount of the award of attorneys' fees and litigation expenses. The reasonableness of the amounts of fees, costs, and litigation expenses shall be determined following the entry of final judgment. Nothing herein eliminates or reduces Plaintiffs' burden to establish the reasonableness of the amount of their fees, costs, and litigation expenses, or restricts Defendants' ability to challenge them.

14. Nothing in this Order will be construed to limit any party's right to enforce this Order (or any other documentation delivered pursuant to or in connection with it) according to its terms. If any court of competent jurisdiction determines that any provision contained in this Order, or any part thereof, cannot be enforced, the parties agree that such determination shall not affect or invalidate the remainder of the Order.

15. This Order shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors, and assigns.

16. This Order is designed to ensure that the School District's practices and policies do not violate, either currently or in the future, the First Amendment rights of students in the School District. The parties to this Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order before bringing such matters to the Court for resolution. However, in the event that the Defendants either fail to perform in a timely manner any act required by this Order or act in violation of any provision of this Order, each Plaintiff or any affected student—present or future—who alleges a violation may contact the Plaintiffs' counsel. As may be appropriate, counsel may then move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts.

17. The Defendants, their agents, representatives, successors, and assigns shall take no action that would disclose the identities of the Plaintiffs, including the release of filed or unfiled court documents, or otherwise compromise the Plaintiffs' anonymity, for a period of five (5) years from the date of this Order.

18. Five (5) years from the date of this Order, the parties shall contact the Court to discuss the need for further continuation of the Order.

19. If this Order does not expressly prohibit conduct, then it is permitted as authorized by law.

DONE and ORDERED, this 6th day of May, 2009

M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

By their signatures on this and the following pages, the undersigned parties agree to, and request the entry of, this Order:

**PLAINTIFF MINOR I DOE**                **PLAINTIFF MINOR II DOE**




**DEFENDANT SCHOOL BOARD FOR SANTA ROSA COUNTY, FLORIDA**

*/s/ Ed Gray III*
_____
by Ed Gray III
School Board Chairperson


**DEFENDANT TIM WYROSDICK, in his official capacity as Superintendent of the School District of Santa Rosa County, Florida**

*/s/ Tim Wyrosdick*
_____
by Tim Wyrosdick


**DEFENDANT H. FRANK LAY, in his official capacity as Principal of Pace High School**

*/s/ H. Frank Lay*
_____
by H. Frank Lay

**Approved as to Form:**

**Plaintiffs' Counsel**

Benjamin James Stevenson (Fla. Bar. No. 598909)
American Civil Liberties Union Found. of Fla.
Post Office Box 12723
Pensacola, FL 32591-2723
bstevenson@aclufl.org
Tel: 850.429.9128
Fax: 786.363.1985

Glenn M. Katon (Fla. Bar. No. 636894)
American Civil Liberties Union Found. of Fla.
Post Office Box 18245
Tampa, FL 33679
gkaton@aclufl.org
Tel: 813.254.0925
Fax: 813.254.0926

Randall C. Marshall (Fla. Bar No.: 181765)
RMarshall@aclufl.org

Maria Kayanan (Fla. Bar No.: 305601)
MKayanan@aclufl.org
American Civil Liberties Union Found. of Fla.
4500 Biscayne Blvd., Suite 340
Miami, Florida 33137
Tel: 786.363.2700
Fax: 786.363.1108

Daniel Mach (D.C. Bar No.: 461652)
dmach@aclu.org

Heather L. Weaver (D.C. Bar No.: 495582)
hweaver@aclu.org
ACLU Prog. on Freedom of Religion & Belief
915 15th Street, NW
Washington, DC 20005
Tel: 202.675.2330
Fax: 202.546.0738

**Defendants' Counsel**

*Counsel for School Board*

Robert J. Sniffen
Florida Bar Number: 0000795

J. David Marsey
Florida Bar Number: 0010212
Sniffen Law Firm, P.A.
211 East Call Street
Tallahassee, FL 32301
rsniffen@sniffenlaw.com
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

Paul Green
Florida Bar No.: 127448
Johnson, Green, and Miller, P.A.
6850 Caroline Street
Milton, FL 32570
paulg1229@bellsouth.net
Telephone: (850) 623-3841
Facsimile: (850) 623-3555

*Counsel for Principal Lay*

Christopher Barkas
Florida Bar Number: 449202

Matthew Liebenhaut
Florida Bar Number: 47078

Carr Allison
305 South Gadsden Street
Tallahassee, Florida 32301
Facsimile: (850) 222-8475
cbarkas@carrallison.com
Telephone: (850) 222-2107
Facsimile: (850) 222-8475