**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**MINOR I DOE
through parent PARENT I DOE,
and
MINOR II DOE
through parent PARENT II DOE,**

      **Plaintiffs,**

vs.        Case No. 3:08cv361/MCR/EMT

**SCHOOL BOARD FOR SANTA ROSA
COUNTY, FLORIDA; TIM WYROSDICK,
in his official capacity as Superintendent
of the School District of Santa Rosa
County, Florida; H. FRANK LAY, in his
official capacity as Principal of Pace
High School,**

      **Defendants.**
_____/

# O R D E R

Non-party, Michelle Winkler, is scheduled to appear before the court later this week to show cause in response to a motion for contempt filed by the plaintiffs. Now pending before the court is the plaintiffs' motion to compel production (doc. 150), directed at Winkler, in which the plaintiffs seek to obtain a letter Winkler left at the clerk's office in response to the plaintiffs' contempt motion.[1] Winkler's letter was returned to her unfiled because no show cause order had been entered requiring her to respond. Winkler opposes the motion to compel production of the letter on grounds that the letter is protected by the work-product privilege, that her actions did not result in a waiver of the

---

[1] It is not clear to the court how Winkler became aware of plaintiffs' motion, as it does not reflect service on her.

privilege, and that even if it is not protected as work product, she should not be required to produce the letter (doc. 156).  For the reasons that follow, the court GRANTS the motion.

**Background**

The plaintiffs initiated a civil contempt proceeding in this cause of action against Winkler.  On May 5, 2009, they filed a motion for an order to show cause why she should not be held in contempt (doc. 86), asserting that Winkler violated the court's temporary injunction, which was issued by agreement of the parties in this case on January 9, 2009 (doc. 48).  On May 13, 2009, the court held argument on the motion.  During the hearing, the court notified the parties that Winkler had left a communication with the clerk's office and that it had been returned to Winkler on May 12, 2009, with a letter from the court.[2]  The court's letter to Winkler, which was read into the record (doc. 115-2, at 20), documents that Winkler's communication was not accepted for filing at that time because she was not a party to the case.  The letter instructed that she would be given an opportunity to appear and state her position if the court issued a show cause order.  On May 19, 2009, based on the plaintiffs' allegations, the court entered an order to show cause against Winkler (doc. 102) and scheduled a hearing for August 21, 2009 (doc. 118).

On July 22, 2009, in preparation for the civil contempt hearing, the plaintiffs served Winkler with a subpoena requiring her to produce certain documents, including all documents that she delivered to the United States District Court for the Northern District of Florida relating to the allegations against her.  Winkler's counsel objected to the subpoena's command to produce her letter to the court, asserting that it is privileged work product and therefore protected from disclosure.  Specifically, Winkler's attorney responded:

> Ms Winkler prepared the document in question in anticipation and preparation for her trial on the contempt allegations. The document contains her mental impressions and her interpretations of the evidence.  The document also outlines her defense. Ms. Winkler inadvertently produced this

---

[2]All parties were copied with the court's letter.

Case No.: 3:08cv361/MCR/EMT

>document to the Clerk, when she believed, without the benefit of counsel, that she was required to do so. The Court promptly returned the document to Ms. Winkler, thereby preserving its confidentiality.

(Doc. 150, Exhibit C). The parties were unable to resolve the dispute.

The plaintiffs then filed the pending motion to compel production accompanied by a memorandum of law (doc. 150). They argue that the court should require Winkler to produce the requested material because it is not work product subject to the privilege, and even if it is, they assert she waived the privilege by delivering the letter to the clerk's office for filing.

**Discussion**

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A); *see also Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947). The party asserting the privilege has the burden to demonstrate that the document is work product , i.e., (1) that the document was prepared in anticipation of litigation or for trial and (2) that it was prepared by the party or a representative of the party. *See* Fed. R. Civ. P. 26(b)(3)(A); *see also Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). Winkler has met her burden of demonstrating that she prepared the letter in anticipation of litigation–an anticipated order to show cause–though the order had not yet issued at the time she prepared the document. As a result, the burden shifts to the plaintiffs to demonstrate a waiver of the privilege by Winkler. *See Hodges, Grant & Kaufmann*, 768 F.2d at 721.

The work-product privilege exists "to protect the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of the opponent." *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980). "Voluntary disclosure of information to an adversary waives the work product protection as to that information." *Pahl v. Robinson*, No. 4:08cv112, 2009 WL 1097962, at *2 (M.D. Ga. 2009) (slip. op.). Thus, "[c]ourts will imply waiver when a party claiming the protection has voluntarily disclosed work product to a party not covered by the work-product doctrine."

*United States v. Ary*, 518 F.3d 775, 783 (10th Cir. 2008).  Because the privilege protects the adversary system, however, "it is not automatically waived by the disclosure to a third party."  *In re Grand Jury Subpoena,* 220 F.3d 406, 409 (5th Cir. 2000).  *See Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1466 (11th Cir. 1984) (summarily rejecting a waiver argument where the work product was shared between the plaintiff's private attorneys and counsel for the EEOC during the preparation of a joint trial).  Disclosure to a third party operates as a waiver "only if the disclosure substantially increases the possibility" that an opposing party will obtain the information.  *Am. Tel. & Tel. Co.*, 642 F.2d at 1299 (internal marks omitted).  Three factors are relevant to this determination:  (1) whether the party claiming the privilege seeks to use it in a way that is not consistent with the purpose of the privilege; (2) whether the party claiming the privilege had a reasonable basis for believing that the materials disclosed would be kept confidential, and (3) whether a waiver in the present circumstances would "trench on any policy elements now inherent in this privilege."  *United States v. Williams Cos.*, 562 F.3d 387, 394 (D.C. Cir. 2009).  In sum, a voluntary disclosure to a third party can waive the privilege for those materials disclosed if the circumstances are "'inconsistent with the maintenance of secrecy from the disclosing party's adversary.'"  *Rockwell Int'l Corp. v. U.S. Dep't of Justice*, 235 F.3d 598, 605 (D.C. Cir. 2001) (quoting *Am. Tel. & Tel. Co.*, 642 F.2d at 1299).

In this case, Winkler voluntarily disclosed the material to a third party by delivering it, unsolicited, to the clerk's office with no request that the information be sealed or otherwise kept confidential.  At a minimum, this voluntary delivery to the clerk, where the document might have been filed in due course and distributed to all parties and the public, is inconsistent with the purpose of the privilege.[3]  These circumstances present no reasonable basis for believing that the material would be kept confidential, and no purpose to keep the material confidential can be implied from the court's return of the document to

---

[2]Winkler's unsolicited and voluntary act of delivering her letter to the court's clerk's office for use in a pending court case evinces an intent on her part that the letter be made a part of the public record in the case.  Were it not for a question by clerk's office staff to the undersigned's office on what to do with a letter from a non-party, that is precisely what would have happened.

Case No.: 3:08cv361/MCR/EMT

Winkler.  Winkler attempts to characterize her conduct as "inadvertent" because she had not yet obtained the advice of counsel, but acting without the advice of counsel does not alone negate the waiver.  Additionally, while inadvertent disclosure of privileged material may not necessarily constitute a waiver, *see Stern v. O'Quinn*, 253 F.R.D. 663, 684 (S.D. Fla. 2008), Winkler's conduct cannot reasonably be characterized as "inadvertent" where she purposefully delivered the document to the clerk's office presumably for filing with the court.  The court also finds that no policy inherent in the privilege is trenched upon by finding a waiver in these circumstances because Winkler's own act "substantially increase[d] the possibility" that the opposing party would obtain the information.  *Am. Tel. & Tel. Co.*, 642 F.2d at 1299 (internal marks omitted).  The court, therefore, finds that Winkler waived the work-product privilege and must comply with the subpoena.

## Conclusion

Accordingly, it is hereby ORDERED that the plaintiffs' motion to compel production (doc. 150) is GRANTED, and Winkler must comply as directed.

**DONE AND ORDERED** this 18th day of August, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**