UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MINOR I DOE
through parent PARENT I DOE,
and
MINOR II DOE
through parent PARENT II DOE,

        Plaintiffs,

v.                                     Case No. 3:08cv361/MCR/EMT

SCHOOL BOARD FOR SANTA ROSA
COUNTY, FLORIDA; TIM WYROSDICK,
in his official capacity as Superintendent
of the School District of Santa Rosa
County, Florida; H. FRANK LAY, in his
official capacity as Principal of Pace
High School,

        Defendants.
_____/

# O R D E R

Pending before the court is the plaintiffs' motion (doc. 182) to strike the pleading filed by the Christian Educators Association International ("Christian Educators") in support of its motion to intervene. Christian Educators opposes the motion (doc. 185). Having considered the parties' arguments, the court GRANTS the motion in part and DENIES the motion in part.

Background

In this 42 U.S.C. § 1983 civil rights action, filed August 27, 2008, two public high school students alleged that the School Board for Santa Rosa County, Florida ("the School Board"), its superintendent and the principal of Pace High School had engaged in a widespread practice of Establishment Clause violations within the Santa Rosa public schools, and at Pace High School in particular (doc. 1). The School Board admitted liability

(doc. 44), and by agreement of the parties, the court entered a temporary injunction (doc. 48) to prevent further violations while the parties fashioned a consent decree. The School Board had the responsibility to notify all school district officials, staff, faculty, and employees of the temporary injunction by its effective date of January 19, 2009. The parties worked together and prepared a final consent decree to remedy the Establishment Clause violations. The court approved the consent decree with some modifications on May 6, 2009 (doc. 94). Final judgment was entered on May 11, 2009 (doc. 96).

On July 1, 2009, Christian Educators moved to intervene in this suit pursuant to Rule 24 of the Federal Rules of Civil Procedure (doc. 127). Christian Educators is a nonprofit religious association with a mission to serve the educational community by assisting and encouraging Christian educators who serve in both public and private schools. It represents that its membership includes classroom teachers, administrators, and para-professionals in the field of education and that some of its members are employed by the School Board. The motion to intervene was not accompanied by a pleading as required by Rule 24(c). The court heard oral arguments on the motion to intervene on September 4, 2009. Following the oral arguments, the court ordered Christian Educators to file a pleading in intervention (doc. 169).

Christian Educators has now filed a pleading in intervention (doc. 178), attempting to remedy its failure to file a pleading initially with its motion, *see* Fed. R. Civ. P. 24(c), and to comply with this court's prior order.[1] In this pleading, styled as a "Responsive Pleading," Christian Educators first alleges that it need not admit or deny the complaint because the complaint made no allegations against it; second, Christian Educators denies that the plaintiffs were entitled to the relief they obtained in the consent decree; and third, it raises three affirmative defenses based on the consent decree's alleged prior restraint on its members' speech and expression. According to the affirmative defenses asserted by

---

[1] Although the failure to file a pleading is not necessarily fatal to a motion to intervene, *see Piambino v. Bailey*, 757 F.2d 1112, 1121 (11th Cir. 1985) (disregarding nonprejudicial defects under Rule 24(c)), *cert. denied*, 476 U.S. 1169 (1986), it became clear at the oral argument on the motion that in this instance, Christian Educators' failure to attach a pleading in accordance with the rule has caused confusion regarding the scope of the proposed intervention and whether Christian Educators has standing to intervene. An evidentiary hearing on the motion to intervene, limited to issues of the timeliness of the motion and whether Christian Educators has standing to intervene, is scheduled for December 2, 2009.

Christian Educators, (1) the plaintiffs lack standing to obtain district-wide relief, and thus the consent decree should be vacated with regard to any school district employees outside of Pace High School; (2) the plaintiffs lack standing for continued jurisdiction because there is no longer a live controversy, and thus the consent decree should be vacated; and (3) the consent decree should be vacated, set aside or amended because it violates the First and Fourteenth Amendment rights of Christian Educators' members and in turn requires them to violate the rights of students and third parties. The plaintiffs move to strike the pleading, arguing that it is not a proper answer because it does not admit or deny the factual averments of the complaint.

Discussion

Pursuant to Federal Rule of Evidence 12(f), the court, either on its own motion or by motion of a party, may strike from a pleading an insufficient defense or any immaterial matter. The court has considerable discretion in ruling on a motion to strike, though such motions are often "disfavored because of their drastic nature." *Zolin v. Caruth*, No. 3:09cv38, 2009 WL 2982907, at *5 (N.D. Fla. Sept. 14, 2009). A motion to strike is appropriately granted if an affirmative defense is insufficient as a matter of law on the face of the pleading, *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); or if "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties," *BB In Technology Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (internal marks omitted).

Under Rule 24, a motion to intervene must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Rule 7(a) sets forth what "pleadings" are allowed, namely, a complaint or an answer. However, the purpose of the pleading requirement is simply "to place the other parties on notice of the position, claim, and relief sought by the intervenor," and therefore "an adequate pleading to intervene is not necessarily limited to a [R]ule 7(a) pleading." *WJA Realty Ltd. Partnership v. Nelson*, 708 F. Supp. 1268, 1272 (S.D. Fla. 1989) (considering a motion for permanent injunction as adequate because it provided fair notice of the nature and basis of the claim asserted). The court construes an intervenor's

pleading liberally, assuming the factual allegations to be true. *See United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003), *cert. denied*, 542 U.S. 946 (2004). Also, nonprejudicial defects in a motion to intervene may be disregarded. *See Pambino*, 757 F.2d at 1120-21 (rejecting a strict reading of Rule 24(c) and disregarding a technical but inconsequential and nonprejudicial defect where the papers accompanying the motion to intervene clearly spelled out opposition to an injunction); *Danner Constr. Co. v. Hillsborough County*, No. 809cv650, 2009 WL 2525486, at *2 (M.D. Fla. Aug. 17, 2009) (permitting the filing of a motion to dismiss instead of a pleading because it provided sufficient notice of the position, claim, and relief sought by the intervenor).

Christian Educators' "Responsive Pleading" provides adequate notice of the nature and basis of the intervenor's claims. The allegations of the complaint were not specific to any particular member of Christian Educators, and thus no duty to admit or deny them existed. And, in any event, the court finds that any technical defect associated with Christian Educators' failure to specifically admit or deny the factual allegations of the complaint is nonprejudicial in this instance because the pleading provides sufficient notice of the basis of Christian Educators' claims. The pleading sufficiently complies with the purpose of Rule 24(c), and the court will not strike it for failing to admit or deny each allegation in the complaint.

Notwithstanding, the court concludes that the pleading is partially deficient in another respect. This court directed Christian Educators to comply with Rule 24(c) by filing a pleading in order to define the scope of its intended intervention and to demonstrate its standing to intervene. A review of Christian Educators' pleading plainly shows that Christian Educators is attempting to intervene for the purpose of reopening the entire case and vacating the consent decree. This Christian Educators cannot do, and thus, any motion to intervene and/or supporting pleading for the purpose of vacating the consent decree in toto is futile.

Christian Educators lacks standing to vacate the entire consent decree. "Any party, whether original or intervening, that seeks relief from a federal court must have standing to pursue its claims." *Dillard v. Chilton County Comm'n*, 495 F.3d 1324, 1330 (11th Cir.

2007). In this case, Christian Educators must demonstrate independent standing to continue the litigation. Although in this circuit "piggyback standing" is permitted where an intervenor seeks to enter into an ongoing Article III case or controversy, *id.*, an intervenor cannot piggyback on the standing of an original party to the litigation where there is no longer an ongoing adversarial case or controversy among the original parties, *id.* at 1336. *See United States v. AVX Corp.*, 962 F.2d 108, 112 (1st Cir. (1992) (noting in the case of a consent decree that the original plaintiffs and settling defendants no longer represent opposing interests where the underlying controversy has been resolved). "Standing is a constitutional precondition to the jurisdiction of a federal court and may not be conferred by judicial fiat upon a party who does not meet the requirements of Article III." *AVX Corp.*, 962 F.2d at 113. Here, the original parties were no longer adverse at the time the motion to intervene was filed because they had settled their dispute by a consent decree, thus removing from the case the Establishment Clause dispute on which the plaintiffs' standing was originally based. Christian Educators argues that a contempt proceeding against a nonparty was ongoing at the time the motion to intervene was filed, but the present motion is not an attempt to piggyback on the standing of a party to the contempt proceeding or for purposes of participating in the contempt proceeding.[2] Instead, Christian Educators seeks to intervene in the original proceeding – now settled by the parties – in an effort to completely undo the result of the parties' settlement efforts.[3]

Article III standing requires a showing of (1) an injury in fact to a legally protected interest, that is actual or imminent, (2) a causal connection between the injury and the

---

[2] Christian Educators also argues that an outstanding issue of attorneys' fees is a sufficient controversy between the original parties to support piggyback standing. The court disagrees. A dispute regarding attorneys' fees is "wholly unrelated to the subject matter of the litigation," because it is merely a "byproduct of the suit itself" not a cognizable injury under Article III, and thus Christian Educators could not piggyback on any attorneys' fee dispute that may not have been resolved at the time of their motion to intervene. *Diamond v. Charles*, 476 U.S. 54, 70-71 (1986). Neither is the court's continued jurisdiction over the consent decree itself a sufficient controversy on which to piggyback. *See Dillard*, 495 F.3d at 1337. An original party must be "seeking judicial resolution of the dispute" for there to be an ongoing controversy. *Id.* at 1338 (internal marks omitted).

[3] Importantly, the settlement and resulting consent decree resulted from months of negotiations between the original parties and came at considerable expense.

conduct complained of, and (3) the injury must be redressable by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing to sue requires first and foremost a demonstration that the plaintiff has "suffered a distinct and palpable injury as a result of the defendant's actions." *Anderson v. City of Alpharetta*, 770 F.2d 1575, 1579 (11th Cir. 1985) (dismissing an intervening plaintiff for lack of standing). "[I]n First Amendment challenges, the actual injury requirement is most loosely applied in order to provide broad protection for speech . . . [b]ut it still exists." *Fla. Family Policy Council v. Freeman*, 561 F.3d 1246, 1253 (11th Cir. 2009) (internal citation and marks omitted).

Christian Educators does not have independent standing to undo the consent decree. Neither Christian Educators nor its members have a right to engage in conduct that would amount to an Establishment Clause violation by the school district, which the consent decree remedies. Christian Educators does not allege any injury to itself as an organization but only injury to its members in its representational capacity due to the potential chill on their speech or the potential that they might be required under the consent decree to violate the First Amendment rights of students or other third parties. *See Amnesty Int'l, U.S.A. v. Battle*, 559 F.3d 1170, 1178 (11th Cir. 2009) (discussing requirements for an organization to have standing and for an organization's representational standing). The alleged injury to Christian Educators' members is not caused by the School Board's admitted Establishment Clause violations that underlie the consent decree, and obviously Christian Educators has no legitimate interest in permitting the School Board to continue violating the Establishment Clause. Even if Christian Educators ultimately demonstrates a claim of injury to its members from the manner in which the School Board interprets or administers the consent decree, or from a prior restraint due to the language of the decree itself (claims not stricken by this order), such an injury could not provide a basis for vacating the decree completely, only modifying it.[4] The court concludes that it is appropriate to limit the scope of any proposed intervention

---

[4] Again, whether Christian Educators can demonstrate standing sufficient to intervene for the purpose of modifying those terms of the decree which allegedly impact free speech or free exercise rights of teachers and/or employees will be the subject of the December 2, 2009, hearing.

to issues on which the intervenors might be able to establish standing.  *See Howard v. McLucas*, 782 F.2d 956, 958-61 (11th Cir. 1986).

Conclusion

Even if Christian Educators can demonstrate at the evidentiary hearing that its motion to intervene is timely and that it has standing to intervene for the purpose of modifying the consent decree, the court concludes that Christian Educators cannot intervene to vacate the consent decree because it lacks standing to pursue such relief. Thus, Christian Educators' First and Second Affirmative Defenses, both of which seek to vacate the consent decree, must be stricken, and similarly, that portion of the Third Affirmative Defense which seeks to vacate or set aside the consent decree is beyond the bounds of possible intervention in this suit.  *See* Fed. R. Civ. P. 12(f).

Accordingly, it is hereby ORDERED:

The plaintiffs' motion to strike Christian Educators' intervention pleading is GRANTED as to the First and Second Affirmative Defenses, and as to the Third Affirmative Defense insofar as it seeks to vacate or set aside the consent decree in its entirety, and DENIED as to that portion of the Third Affirmative Defense which seeks to amend or correct the consent decree to avoid a prior restraint on its members' First or Fourteenth Amendment rights.

**DONE and ORDERED** this 30th day of October, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**