## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**MINOR I DOE**
**through parent PARENT I DOE,**
**and**
**MINOR II DOE**
**through parent PARENT II DOE,**

        **Plaintiffs,**

**v.**                                        **Case No. 3:08cv361/MCR/EMT**

**SCHOOL BOARD FOR SANTA ROSA**
**COUNTY, FLORIDA; TIM WYROSDICK,**
**in his official capacity as Superintendent**
**of the School District of Santa Rosa**
**County, Florida; H. FRANK LAY, in his**
**official capacity as Principal of Pace**
**High School,**

        **Defendants.**
_____/

## O R D E R

     Pending before the court are several motions of would-be intervenor Christian Educators Association International ("CEAI");[1] namely, a motion for limited discovery on plaintiffs' standing to seek costs and the reasonableness of the claimed costs (doc. 259), a motion to unseal documents or alternatively to compel service of sealed documents (doc. 271), and a supplement to the motion to unseal (doc. 282).[2]  The parties have responded. Having considered the parties' arguments, the court denies CEAI's pending motions.

---

     [1]  The court denied CEAI's motion to intervene on February 19, 2010.  (Doc. 238).

     [2]  Additionally, plaintiffs filed a notice of supplemental authority (doc. 284) advising the court of the Supreme Court's recent decision in *Salazar v. Buono*, No. 08-472, 2010 WL 1687118 (U.S. Apr. 28, 2010) (plurality).  While the court has considered this case, the court has not considered any additional argument submitted in the notice of supplemental authority.

**Background**

The facts of this case are fully set forth in prior orders and the court therefore recites only those facts necessary to resolve the pending motions. In May 2009, the court entered final judgment in this case adopting a jointly proposed consent decree and resolving admitted Establishment Clause violations within the Santa Rosa County School District. (Doc. 94.) The consent decree expressly provides, among other things, that it is for the benefit of students, present and future, for at least a period of five years, and that the parties would not take any action to disclose the identities of the named plaintiffs, including the release of filed or unfiled court documents, or otherwise compromise their anonymity during the five-year period.[3]

Following entry of the final consent decree, CEAI moved to intervene as a defendant, and after being instructed to file a responsive pleading, CEAI set forth affirmative defenses articulating an express purpose to vacate or set aside the entire consent decree or alternatively to modify the consent decree. (*See* Docs. 127, 146, 178.) The court granted plaintiff's motion to strike most of CEAI's defenses because of CEAI's stated purpose of seeking to undo the consent decree in its entirety; the court determined that CEAI lacked standing to intervene for that purpose. CEAI was then given the opportunity through an evidentiary hearing to attempt to establish its standing to intervene for the purpose of modifying the consent decree on grounds that modification was necessary to avoid an infringement of CEAI's members' constitutional rights. Following the hearing, the court denied the motion to intervene, finding CEAI lacked associational standing and that the motion was untimely.[4]

The plaintiffs thereafter filed a bill of costs reflecting costs incurred in the post-judgment intervention proceedings (doc. 239), to which CEAI filed objections (doc. 243, 252), arguing, in part, that the case is moot and therefore it was not reasonable for

---

[3] An earlier court order required the parties to file under seal any filings requiring "the identification (through such information as name, gender, age, grade, or address) of plaintiffs or their representatives or the inclusion of information that might reasonably lead to their identification." (Doc. 26.)

[4] CEAI has appealed this ruling to the Eleventh Circuit. The appeal is currently pending.

plaintiffs to incur any costs in resisting the motion to intervene.[5] CEAI's mootness argument is based on the possibility that the named plaintiffs may have graduated from high school prior to the intervention proceedings; CEAI argues that, if so, the consent decree must be vacated.[6] To this end, CEAI has moved for limited discovery to determine whether the plaintiffs had in fact graduated. CEAI also has moved to unseal documents filed under seal or to compel service of the documents, arguing it must have access to sealed documents to advance its mootness arguments in opposition to the bill of costs and on appeal of the denial of its motion to intervene.

**Discussion**

A prevailing party is entitled to costs, which are taxed by the clerk and subject to review by the court on motion. Fed. R. Civ. P. 54(d)(1). The rule provides for costs as a matter of course and "does not envision a discovery process as part of a request for review of taxation of costs." *Ritchie v. United States*, 2007 WL 2318970, at *3 (N.D. Cal. 2007), *aff'd*, 343 Fed. Appx. 238 (9th Cir. 2009) (unpublished), *cert. denied*, 130 S. Ct. 1092 (2010). By analogy to cases discussing a request for attorney's fees, it is clear that a request for costs "should not result in a second major litigation," and courts rarely reopen discovery for this purpose. *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008) (discussing discovery in the context of a request for attorney's fees). One court, however, has noted that permitting discovery in order to challenge a bill of costs, while unusual, "may be justified in extraordinary circumstances."[7] *Ritchie*, 2007 WL 2318970, at *3.

CEAI maintains discovery is justified because mootness and the plaintiffs' constitutional standing are at issue due to the possibility that the plaintiffs graduated from high school before the motion to intervene was filed and, therefore, CEAI asserts the

---

[5] The bill of costs remains pending with the clerk.

[6] In a separate order recently entered, the court concluded that the consent decree is a valid final judgment over which the court retains enforcement jurisdiction.

[7] Such circumstances, however, must be rare indeed as CEAI has cited no cases permitting discovery in this context, and the court has found none.

plaintiffs lacked standing to resist intervention or file a bill of costs. Constitutional standing requires the party seeking relief to demonstrate, among other things, the existence of a concrete injury that is redressable by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561; *see also Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1177 (11th Cir. 2009). CEAI was the party invoking the court's jurisdiction through intervention proceedings. When CEAI moved to intervene, attacking the consent decree in its entirety and seeking to vacate it *ab initio*, the original parties to the consent decree understandably opposed the intervention in an attempt to preserve the benefit of their bargain. "Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms." *United States v. Armour & Co.*, 402 U.S. 673, 681-82 (1971). "A party that obtains a judgment in its favor acquires a 'judicially cognizable' interest in ensuring compliance with that judgment," and "ha[s] standing to seek its vindication." *Salazar v. Buono*, No. 08-472, 2010 WL 1687118, at *8 (U.S. Apr. 28, 2010) (plurality) (stating, "[w]hatever the validity of the objection to Buono's standing, that argument is not available to the Government at this stage of the litigation," because the judgment had become final and unreviewable).[8] *See also Jacksonville Branch, N.A.A.C.P. v. Duval County Sch. Bd.*, 978 F.2d 1574, 1578 (11th Cir. 1992) (interpreting consent decrees as contracts).

The court views CEAI's current motion for limited discovery regarding the plaintiffs' standing to seek costs or to resist intervention as simply another attempt to collaterally

---

[8] In fact, all nine Justices appear to agree that in a post-judgment proceeding, an original party has standing to vindicate or compel compliance with a final judgment in his favor. *See Salazar*, 2010 WL 1687118, at *19 (Scalia, J., concurring in the judgment and joined by Thomas, J., agreeing with the plurality that the plaintiff's standing to obtain the original judgment was not before the court and neither was the plaintiff's standing to request enforcement of the original injunction); 2010 WL 1687118 at * 23 n.2 (Stevens, J., dissenting, joined by Ginsburg, J., and Sotomayor, J., agreeing with the plurality that Buono's standing to seek the initial injunction was not before the court and concluding he had standing even under Justice Scalia's analysis); 2010 WL 1687118 at *35 (Bryer, J., dissenting, but noting agreement with plurality that Buono had standing to seek enforcement of the injunction). Justices Scalia and Thomas differed from the plurality on the standing analysis only to the extent they concluded the plaintiff lacked standing to *expand* the original injunction. 2010 WL 1687118, at * 19 ("If he sought only to compel compliance with the existing order, Article III would not stand in his way.").

attack the consent decree, which it cannot do.[9]  *See United States v. Jefferson County*, 720 F.2d 1511, 1518 (11th Cir. 1983) (stating parties or those with sufficient identity of interests with the parties are bound by a consent decree; and a nonparty deprived of his day in court may assert a violation of his rights, but a nonparty is prohibited from reopening a case to "relitigate the merits anew" or to "destroy the validity of the judgment between the parties").  Even assuming the named plaintiffs had graduated before the intervention proceedings were filed, the court concludes they retained a live interest in preserving the benefit of their bargain because the intervention sought to completely destroy their bargained-for consent decree.  CEAI has no footing on which to seek further discovery in this matter, and its motion for limited discovery will be denied.

Finally, the consent decree protects the plaintiffs' identities from disclosure for a period of five years; such protection prohibits the release of information in court documents that may compromise their anonymity.  Because the court previously included the plaintiffs' age and grade (and therefore necessarily their graduation dates) as this type of protected identification information (doc. 26) and there is no dispute that the plaintiffs were indeed students at the time the consent decree was entered, there is no need to alter the prior ruling and CEAI, a nonparty, has no basis on which to challenge it.  CEAI's assertion that information in the sealed documents is necessary to prosecute its appeal pending before the Eleventh Circuit is without merit.  Regardless of what information is contained in the sealed documents regarding the plaintiffs' ages, it cannot be central to CEAI's appeal of an order denying it leave to intervene due to CEAI's own lack of standing, because the

---

[9]  Even now, CEAI seeks to destroy the judgment between the parties, arguing that if the plaintiffs have graduated, this court has no continued jurisdiction and the consent decree must be vacated as moot (docs. 252, 259), arguments the court has rejected.  As this court has already ruled in a separate order, there is no problem of mootness with regard to the consent decree itself or this court's continued enforcement jurisdiction.  Additionally, CEAI's members are bound by the decree in their professional capacities.  "The principles of res judicata and collateral estoppel apply to consent decrees as well as to ordinary judgments entered by a court."  *United States v. Jefferson County*, 720 F.2d 1511, 1517 (11th Cir. 1983).  The Eleventh Circuit recognizes that a final judgment does not "bind a nonparty when his interests were not represented; thus, situations can arise where a judgment purporting to affect a nonparty must not be applied to him."  *Id.* at 1518.  A nonparty to a decree is thus entitled to "his day in court to assert the violation of his civil rights." *Id.*  For this reason, the court permitted CEAI to attempt to demonstrate that its members' individual constitutional rights were infringed by the consent decree; but the court found that CEAI failed to demonstrate an injury in fact and thus it was not permitted to intervene to attempt to either destroy or modify the decree.

argument that the plaintiffs lacked standing to resist the intervention is not a basis on which CEAI could have been permitted to intervene. Therefore, the court will deny CEAI's motion to unseal documents filed under seal in this case.[10]

Accordingly, it is hereby ORDERED:

1.    CEAI's motion for limited discovery (doc. 259) is DENIED.

2.    CEAI's motion to unseal documents (doc. 271) is DENIED.

3.    CEAI's first supplement to the motion to unseal documents (doc. 282) is also DENIED.

4.    Clerk shall seal CEAI's motion to unseal documents and its attachment (doc. 271).[11]

**DONE AND ORDERED** this 6th day of May, 2010.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[10]  CEAI's motion refers to sealed documents in this litigation as having been filed *ex parte*, but the sealed material was available to all parties to the litigation; CEAI is a nonparty.

[11]  The plaintiffs object to the fact that CEAI's motion was not filed under seal. For the reasons stated by plaintiffs in opposition to the motion, the court will direct that the clerk seal CEAI's motion to unseal documents.

Case No. 3:08cv361/MCR/EMT