# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**MINOR I DOE**
through parent **PARENT I DOE,**
and
**MINOR II DOE**
through parent **PARENT II DOE,**

        **Plaintiffs,**

v.                                                        Case No. 3:08cv361/MCR/EMT

**SCHOOL BOARD FOR SANTA ROSA COUNTY, FLORIDA; TIM WYROSDICK,**
in his official capacity as Superintendent of the School District of Santa Rosa County, Florida; **H. FRANK LAY,** in his official capacity as Principal of Pace High School,

        **Defendants.**
_____/

# **O R D E R**

By *sua sponte* order of this court, the parties have submitted memoranda of law regarding this court's continued jurisdiction over a mutually agreed consent decree (doc. 94). Based on prior repeated briefing on this issue by would-be intervenor Christian Educators Association International ("CEAI") this court deems it necessary to articulate the court's jurisdictional basis for continued enforcement jurisdiction over the consent decree.[1]

---

[1] The court requested briefing from the parties on the issue. However, the court denied CEAI's request to participate in additional briefing because its position had already been briefed to the court, and the court has considered its arguments. CEAI's pending motion for reconsideration of the order requesting legal memoranda (doc. 260) will be denied.

The court has also considered CEAI's previously submitted legal arguments on this issue. This ruling is intended to memorialize the basis for the court's conclusion that it retains ancillary enforcement jurisdiction over the consent decree, a final order, pursuant to the parties' negotiated agreement.

**Background**

The court entered a jointly proposed consent decree in this case on May 6, 2009, resolving admitted Establishment Clause violations within the School District of Santa Rosa County, Florida, and retaining enforcement jurisdiction for a period of at least five years (doc. 94). The clerk's final judgment issued on May 11, 2009, and no appeal was taken. The consent decree expressly provides that if the school district fails to perform or otherwise violates the consent decree, each plaintiff or any affected student – present or future – may seek to enforce the consent decree by contacting the plaintiffs' counsel, who may then move the court for enforcement action if deemed appropriate. (Doc. 94, at 9.)

Following entry of the final consent decree, CEAI moved to intervene for the purpose of vacating the consent decree first and foremost, and alternatively, seeking a modification on grounds that the consent decree infringed on CEAI's members' constitutional rights and required them to infringe on the students' free exercise of religion and free speech rights. Shortly after CEAI filed its pleading in intervention, the court granted a motion to strike several affirmative defenses in the pleading that sought to vacate the entire consent decree, concluding that CEAI lacked standing to undo the final judgment between the parties.[2] (Doc. 190.) The court permitted CEAI to attempt to demonstrate it had standing to intervene for the purpose of seeking to modify the decree to avoid infringing on its members' constitutional rights. The court ultimately denied the motion to intervene, finding that CEAI lacked associational standing and the motion to

---

[2] One of CEAI's grounds for relief was that the consent decree should be vacated *in toto* as moot due to the possible graduation of the plaintiffs. The court did not consider the issue further at that time, concluding then, as now, that the argument was not a proper basis on which to grant CEAI intervention.

Case No. 3:08cv361/MCR/EMT

intervene was untimely.[3]  CEAI has appealed the court's order denying intervention to the Eleventh Circuit, where it is currently pending.

Plaintiffs then filed a bill of costs and motion for attorneys' fees against CEAI in connection with the post-judgment intervention proceedings.  In opposition, CEAI argued that neither fees nor costs were reasonably incurred by plaintiffs in resisting CEAI's motion to intervene because the dispute may be moot due to the possibility that the named plaintiffs had graduated from the school district at the end of May 2009, before the motion to intervene was filed.[4]  (Doc. 252.)  The court denied plaintiffs' motion for attorneys' fees, finding CEAI had intervened in good faith and had not been responsible for the violation of the plaintiffs' civil rights.  (Doc. 256.)  CEAI then moved for limited discovery on the question of whether the plaintiffs lack standing to obtain costs due to mootness, arguing again that if the plaintiffs have graduated from high school, they have no continued interest in this litigation or the consent decree; CEAI intends to challenge the bill of costs as unreasonably incurred on the basis of such discovery.  (Doc. 259.)  In light of CEAI's repeated assertion of a mootness problem with the consent decree and with this court's continued enforcement jurisdiction, the court deems it prudent to file this separate order articulating the court's reasoning.

**Discussion**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).  A court must evaluate its own jurisdiction over a pending dispute as "the first principle of federal jurisdiction." *Stillman v. Travelers Ins.* Co., 88 F.3d 911, 914 (11th Cir. 1996) (internal marks omitted).  "Standing 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006)

---

[3] The court denied CEAI's motion to intervene on February 19, 2010.  (Doc. 238).

[4] Because the consent decree requires the identities of the plaintiffs to remain under seal for their protection, and the court has interpreted this to mean their ages and grade levels as well, the court will not comment on the accuracy of this allegation which, as discussed in this order, the court finds irrelevant to its continued jurisdiction over the consent decree.

Case No. 3:08cv361/MCR/EMT

(quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Additionally, "[a] moot case is nonjusticiable and Article III courts lack jurisdiction to entertain it." *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d 1276, 1281 (11th Cir. 2004). Article III of the United States Constitution requires a live case or controversy at the time a federal court decides the case as well as at the time it was filed. *CAMP Legal Def. Fund, Inc.*, 451 F.3d at 1277.

In this case, CEAI has made allegations that the controversy is moot and the plaintiffs lacked standing to resist the intervention because the plaintiffs may have graduated from high school, which, according to CEAI, requires this court to vacate the consent decree. At first glance, CEAI's argument seems persuasive. Indeed, the law recognizes that when a student seeking relief from a school has graduated prior to final judgment or during the pendency of an appeal and will no longer attend the school, a question of mootness may arise. *See, e.g., Bd. of Sch. Comm'rs. of the City of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30 (1975); *Mellon v. Bunting*, 327 F.3d 355, 363-65 (4th Cir. 2003), *cert. denied*, 541 U.S. 1019 (2004). The Supreme Court has concluded that "a case or controversy no longer exists" between a student and a school regarding the validity of certain school rules where the student graduated while the appeal was pending and no class was certified.[5] *Jacobs*, 420 U.S. at 129-30. In that situation, the judgment must be vacated because the dispute became moot while the appeal was pending. *Id.*; *see also Mellon*, 327 F.3d at 363-65 (explaining the court generally vacates a district court judgment where a claim has become moot by a student's graduation "after the entry of a district court's final judgment and prior to the completion of appellate review" where the mootness occurred through happenstance, such as a graduation, rather than voluntary action). Here, however, by contrast, the judgment became final, with no appeal taken, prior

---

[5] An exception exists where the claims are capable of repetition yet may avoid review. *See Sosna v. Iowa*, 419 U.S. 393, 399-403 & n.11 (1975) (noting this exception may apply where the controversy involving the named plaintiffs becomes moot before the court could reasonably be expected to rule on a certification motion). Ordinarily, however, when a student seeking relief has graduated and no class action has been certified, the claim is considered to be no longer capable of repetition. *See Mellon v. Bunting*, 327 F.3d 355, 364 (4th Cir. 2003), *cert. denied*, 541 U.S. 1019 (2004).

Case No. 3:08cv361/MCR/EMT

to the alleged graduation, and, therefore, the fact of the plaintiffs' graduation would not affect the validity of the consent decree or this court's continued jurisdiction to enforce its final judgment.[6]

When a consent decree becomes a final judgment of the court it secures for the parties the benefit of their mutually agreed bargain. *See generally*, *Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1299 (11th Cir. 2001) (stating that to require the parties to a consent decree to bring a new lawsuit to seek relief they allege they are entitled to under a consent decree would "deny the plaintiffs the benefit of the bargain which was reached in the original consent decree"); *Pigford v. Veneman*, 292 F.3d 918, 925 (D.C. Cir. 2002) (questioning why one "would sign a consent decree if district courts had free-ranging interpretive or enforcement authority untethered from the decree's negotiated terms" to deprive a party the "benefit of its bargain"). Parties to consent decrees have negotiated their claims and waived their rights to pursue further litigation in exchange for the entry of a mutually agreed compromise. *See United States v. Armour & Co.*, 402 U.S. 673, 681-82 (1971). Further, the enforcement of a final consent decree in which the court has expressly retained jurisdiction and incorporated the terms of the parties' settlement agreement into the order is a proper exercise of the court's ancillary jurisdiction to enforce its orders. *See Kokkonen*, 511 U.S. at 381; *see also id.* at 379 (noting ancillary jurisdiction is invoked to continue a former litigation in the same court by the same or additional parties or to obtain equitable relief growing out of a judgment rendered in the same court).[7] "For enforcement purposes, consent agreements are

---

[6] There is no question that this court had jurisdiction over the parties and the constitutional dispute underlying this suit at the time the consent decree and final judgment were entered in May 2009. The minor plaintiffs were students enrolled in the school district at all relevant times – when they sought relief, when the consent decree was filed on May 6, 2009, and when final judgment was entered on May 11, 2009; and no direct appeal was filed. Even if the plaintiffs graduated at the end of May 2009, the consent decree was a final order prior to that time.

[7] The court additionally retains the power, upon a proper showing, to modify a consent decree to adapt to changed circumstances in law or fact. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 380 (1992); *United States v. Swift & Co.*, 286 U.S. 106, 114-15 (1932); *O'Sullivan v. City of Chicago*, 396 F.3d 843, 868 (7th Cir. 2005) (noting the court may modify a consent decree due to changed circumstances, but a party is not free to "simply ignore the decree because it believes that factual or legal changes since the decree's

interpreted under the principles of contract law," and "[f]or purposes of modification, consent decrees are not governed by contract law, but are treated as judicial acts, akin to injunctions." *Jacksonville Branch, N.A.A.C.P. v. Duval County Sch. Bd.*, 978 F.2d 1574, 1578 (11th Cir. 1992).

The consent decree in this case embodies the parties' fully negotiated compromise of their dispute, and, as such, both sides are entitled to the benefit of their bargain, which, according to the express terms of the agreement, includes enforcement for the benefit of current students. *See Jacksonville Branch, N.A.A.C.P.*, 978 F.2d at 1578 (interpreting consent decrees as contracts); *see also Salazar v. Buono*, No. 08-472, 2010 WL 1687118, at *8 (U.S. Apr. 28, 2010) (plurality) (stating, "[a] party that obtains a judgment in its favor acquires a 'judicially cognizable' interest in ensuring compliance with that judgment"). Absent the advantages gained by negotiating their claims, the plaintiffs might otherwise have pursued class action status at even greater expense to the school district, and likewise, the school district might otherwise have resisted the allegations and prolonged the litigation. The mutually negotiated compromise was intended to end the litigation quickly through a consent decree which, for a period of at least five years, benefits all students in the school district as well as the plaintiffs (while they are students) and retains this court's enforcement jurisdiction for a limited time. The plaintiffs' counsel was designated in the consent decree to bring student claims of violations before the court.[8] The decree further directs the parties to return to court in five years to discuss the need for further continuation of the order. The decree itself stands as a valid final order subject to this court's enforcement jurisdiction, regardless of the graduation status of the named plaintiffs.

---

entry renders its continued enforcement illegal or inequitable").

[8] When an order grants relief in favor of a nonparty, "the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71.

Case No. 3:08cv361/MCR/EMT

Accordingly, the court finds that it retains enforcement jurisdiction over the consent decree.[9] CEAI's Motion for Reconsideration of Order Requesting Memoranda on Mootness (doc. 260) is DENIED.

**DONE AND ORDERED** this 6th day of May, 2010.

                                        s/ *M. Casey Rodgers*
                                        **M. CASEY RODGERS**
                                        **UNITED STATES DISTRICT JUDGE**

---

[9] The School Board's memorandum of law on the court's continuing jurisdiction to enforce the consent decree suggests certain action by the court in relation to the consent decree. (Doc. 278.) However, because no motion is before the court, the court does not address those matters. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992) (holding a Rule 60(b) motion demonstrating a significant change in fact or law must be shown by a party seeking modification).

Case No. 3:08cv361/MCR/EMT