UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

MINOR I. DOE, et al.;

    Plaintiffs,

v.                                                                    No.: 3:08-cv-361 MCR/CJK

SCHOOL BOARD FOR SANTA
ROSA COUNTY, FLORIDA; et al.;

    Defendants.

_____/

## FIRST AMENDED CONSENT DECREE AND ORDER

On August 27, 2008, Plaintiffs MINOR I DOE and MINOR II DOE
filed a Complaint asserting claims pursuant to 42 U.S.C. §1983 against
Defendants SCHOOL BOARD FOR SANTA ROSA COUNTY, FLORIDA
("School Board"), JOHN ROGERS, in his official capacity as
Superintendent of the School District of Santa Rosa County, Florida (who
has subsequently been replaced by Tim Wyrosdick) ("Superintendent"), and
H. FRANK LAY, in his official capacity as Principal of Pace High School
(who has subsequently been replaced by Bryan Stephen Shell) (collectively
"Defendants"). The Defendants admitted liability for the claims in the
Complaint and for the violations of the U.S. Constitution's Establishment
Clause and the Florida Constitution's No-Aid Provision.

To avoid further costly and protracted disputes, the parties agreed
voluntarily to the original Consent Decree and Order entered on May 6,
2009, and now wish to agree, as indicated by the signatures below, to this
First Amended Consent Decree and Order (hereinafter "Order").

Rec'd 0803'11UsDcFln3am0930

The Court reviewed the claims as to which the Defendants have admitted liability and the terms of their agreement set out in this Order, which the parties have together reached. Other than this Court's rulings and findings made elsewhere regarding the original Consent Decree and those specifically made here regarding this Order, the Court does not here decide any new legal or factual dispute concerning the matters presented herein. In adopting this Consent Decree, the Court has ensured it comports with the U.S. Constitution, which prescribes the floor beneath which protections may not fall rather than a ceiling. Concluding that the terms of the parties' Agreement are appropriate under the circumstances presented and that the entry of this Order comports with federal constitutional law, the Court therefore

**ORDERS, ADJUDGES, and DECREES** as follows:

1. Some of the Defendants' District-wide policies, practices, and customs alleged in the Complaint violate the Establishment Clause of the First Amendment to the U.S. Constitution and the "No Aid" provision of the Florida Constitution. Some of the Defendants' policies, practices, and customs (a) endorse and promote religion and (b) have the purpose or effect of advancing religion.

2. The Consent Decree and Order entered on May 6, 2009, is hereby amended. This Order replaces that original Consent Decree and Order. The Court finds that, as it previously held with respect to original Consent Decree and Order, this Order is "plainly legitimate because it expressly applies to official capacity conduct and remedies admitted

Establishment Clause" violations. *Doe v. School Board for Santa Rosa County*, 264 F.R.D. 670, 687 n. 31 (N.D. Fla. 2010).

## Definitions

3.    The following definitions shall apply to this Order. In construing these definitions the singular shall include the plural and the plural shall include the singular:

(a)    "Club" means a noncurricular student group recognized by the School District and that qualifies through the five, safe-haven provisions (20 U.S.C. §4071 (c)) for protection under the Equal Access Act.

(b)    "Prayer" means a communication (written or audible) with a deity, including, but not limited to, a benediction, an invocation, the Lord's Prayer, or otherwise calling upon a deity to offer guidance, assistance, or a blessing.  Accordingly, "Prayer" does not include customary, polite expressions and greetings, including "God Bless You" or "Thank Heavens," or a student's religious expression responsive to a legitimate academic class assignment.

(c)    "Religious Service" means a convocation for a religious purpose, including, but not limited to, baccalaureate, religious youth group meeting or event, church service, and Bible study.

(d)    "Religious Title" means *Benediction, Invocation, Prayer, Blessing, Inspirational Message, Sermon, Devotional Pledge, Bible Reading, Devotion* or any other title that in any way relates to Prayer.

Case 3:08-cv-00361-MCR-EMT   Document 332   Filed 08/01/11   Page 4 of 17

(e)    "Religious Venue" means a property, facility, building, or place that is maintained and controlled by or for a religious body that is organized, in whole or in part, to sustain public worship.

(f)    "School District" means the Santa Rosa County School District.

(g)    "School Event" means any activity or happening (i) at a School Board facility or (ii) sponsored, conducted, or supervised by a School Official acting in his or her Official Capacity. It includes, but is not limited to, a graduation, grade-promotion ceremony, award program, induction ceremony, pep rally, competition, practice, performance, class instructional time, and a club meeting or event. However, each of the following activities is not a School Event:

(1)    A student religious Club meeting or event, if all School Board employees and agents are only present at the meeting or event in a "nonparticipatory capacity," as used in the Equal Access Act;

(2)    An activity at a School Board facility, if (i) it is outside the presence of School District students and (ii) no School Official acts in his or her Official Capacity; and

(3)    An activity at a School Board facility that is used by a third-party (i) pursuant to a standard facility use agreement or (ii) the principal's advance written permission in accordance with School Board policy and that permission indicates the name of the responsible third-party user, the use period, facility to be used, purpose of use, and conditions of use. The foregoing third-party uses must (I) occur during the agreed use period,

Page 4 of 17

(II) be on terms of usage (including rent) that are consistent with the terms applicable to other third-party users, (III) not involve any School Official acting in his or her Official Capacity, and (IV) not take place during school hours. Until May 6, 2014, School Officials shall not permit third parties to use a school facility pursuant to a standard facility use agreement or principal's permission (A) during instructional time, (B) when the majority of school employees assigned to the subject school facility are contractually obligated to be present, or (C) during the transitional period before or after school when students are embarking or disembarking from school buses or private transportation. School Officials may supervise students between instructional time and the third-party use period if the supervision is neutral with respect to religion.

(h) "School Official" means the Defendants and their officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with them, but only to the extent such a person acts in his or her Official Capacity or is in active concert or privity or participation with the Defendants. Outside organizations that receive no support from the Defendants, do not receive remuneration of any kind from the Defendants, are not controlled by the Defendants, and are not given preferential treatment or access (e.g., to sell wares) by the Defendants are not School Officials, for example booster clubs when they satisfy these requirements.

(i) "Official Capacity": As the Court has previously made clear, "the plain language of the consent decree simply does not address the

conduct of school employees in any context other than in their official capacity." *Doe v. School Board for Santa Rosa County*, 264 F.R.D. 670, 683 (N.D. Fla. 2010). A person acts in his or her "Official Capacity" when (1) performing official duties or furthering the work of the School Board or (2) acting under or with a power or authority granted by virtue of employment by or association with the School Board. However, where the only power or authority the School Official exercises is the authority to be present at a School Board facility and the School Official is not interacting with or in the presence of a student, then the School Official is not in his or her Official Capacity by virtue of subsection (i)(2).

## **Equal Access Act**

4. No provision in this Order is intended to supplant or alter the rights afforded student clubs by the Equal Access Act. School Officials shall comply with the Equal Access Act. 20 U.S.C. §4071 et seq.

## **Permanent Injunction**

5. **Prayer at School Events**: School Officials are permanently enjoined from promoting, advancing, endorsing, participating in, or causing Prayers during or in conjunction with School Events for any school within the School District:

(a) School Officials shall neither offer nor participate in a Prayer during or in conjunction with a School Event.

(b)     School Officials shall prohibit non-student third-parties (including clergy or other religious leaders) during or in conjunction with a School Event from offering a Prayer addressed to an audience as part of the event or program, soliciting a Prayer from anyone as part of the event or program, or promoting a religious belief to anyone as part of the event or program.

(c)     School Officials shall not include Prayer, whether or not it is noted in a printed program, during or in conjunction with a School Event. School Officials shall not give authorization to a group of students, a student body (e.g., through an election), or third parties to include Prayer, whether or not it is noted in a printed program, during or in conjunction with a School Event.

(d)     School Officials shall not encourage, solicit, or invite any person, either implicitly or explicitly, to deliver or offer a Prayer during or in conjunction with a School Event. School Officials shall not set aside a time for Prayer during or in conjunction with a School Event.

(e)     If a School Official elects to review or may by policy review the content of a student's or any other person's planned address during or in conjunction with a School Event, then School Officials shall prohibit the person making the address from offering a Prayer.

(f)     School Officials shall prohibit any segment of a School Event from having a Religious Title. School Officials shall not give any segment of a School Event a Religious Title. School Officials shall not permit students,

student groups, or third parties to give a segment of a School Event a Religious Title.

(g)     If School Officials select persons to make an address during or in conjunction with School Event, they shall do so by a selection process that is neutral to religion and in compliance with a written policy.

(h)     To the extent that School Officials permit a person during or in conjunction with School Events to give an address that a School Official can or does shape, review, or edit for content, substance, message, style, or theme, then School Officials shall ensure the person's address excludes Prayer.

6.     **Religious Services (Baccalaureate)**:  School Officials are permanently enjoined from planning, organizing, financing, promoting, or otherwise sponsoring in whole or in part a Religious Service, including baccalaureate, for any school within the School District:

(a)     School funds shall not be used to plan, organize, finance, promote or otherwise sponsor a Religious Service, including, but not limited to (1) printing programs for a Religious Service, (2) compensating or reimbursing expenses for a speaker at a Religious Service, or (3) paying for overhead costs (lighting, heating, cooling, janitorial, etc.) for a Religious Service. Subsection (a)(3) shall not apply when School Board facilities are used for a Religious Service by a third-party pursuant to a standard facility use agreement, on terms and schedules (including rental rates) that are applicable to all applicants.

(b)     School Officials shall not require School Officials to attend any Religious Service, including baccalaureate. School Officials shall not be tasked with official responsibilities at any Religious Service, except serving as the faculty advisor to supervise a Club meeting or event. School Officials shall not monitor behavior of students or require them to conform to any standards at any Religious Service, including delineating proper dress at baccalaureate, except to supervise a Club meeting or event. School Officials shall not plan or organize any Religious Service on school time or do so by using School District equipment or supplies.

(c)     School Officials during or in conjunction with a School Event shall not require or encourage students to attend any Religious Service, including baccalaureate. School Officials shall prohibit a school band or choir from performing at a Religious Service, including baccalaureate. Provided however, that individual students, in their personal capacities, may not be prohibited from such performance.

(d)     No Religious Service commemorating the graduation or grade-promotion of a class of students shall be comprised, led, or directed by School Officials in their Official Capacity. Nothing herein restricts a School Board employee or agent's non-Official Capacity participation in, or speech or conduct during, a private religious service, including baccalaureate.

7.     **School Events at Religious Venues**:  School Officials are permanently enjoined from holding School Events for any school within the School District at a Religious Venue when an alternative venue is reasonably suitable that is not a Religious Venue; When it s reasonably necessary for a

School Event to be held at a Religious Venue, the secular justification for the use of the Religious. Venue shall be documented pursuant to subparagraph 7(a).

(a)     If a School Event is held at a Religious Venue, School Officials shall document in writing before the event takes place the following: (1 )the Religious Venue's physical address, (2) the Religious Venue's owner and contact information, (3) the owner's affiliation with a house of worship or congregation, if any, (4) the nature of the School Event, the expected number and category (students, School Officials, and others) of attendees, and the available parking, (5) the venue for the last three years for past school events of this nature for this school, (6) the compensation that will be paid to use this Religious Venue, (7) the compensation typically paid to use this Religious Venue, if known, (8) the distance from the applicable school, whose event this is, and the Religious Venue, (9) the identity of the School Officials involved in selecting the Religious Venue, and (10) a certification that no other venue that is not a Religious Venue would be reasonably suitable for this School Event. The written documentation shall be verified by the signature of at least one School Official. School Officials shall transmit a copy of this written documentation to the superintendent's office or his or her delegatee for maintenance and review by the public. The use of a Religious Venue for a School Event may only be done with the approval of the Superintendent or his or her delegatee.

(b)     Notwithstanding the foregoing and without complying with this procedure, School Officials may hold School Events at a venue, facility, or

property owned or maintained by (1) another School Board (e.g., a opposing team in a football game); (2) a state or any political subdivision or agency thereof; or (3) any Non-Religious Venue.

8. **Promotion of Personal Religious Beliefs**: School Officials are permanently enjoined from permitting School Officials at any school within the School District to promote their personal religious beliefs to students in class or during or in conjunction with a School Event.

(a) School Officials shall not participate in any way in a Prayer with students during or in conjunction with instructional periods or a School Event. During or in conjunction with a School Event, School Officials shall not offer a Prayer, recite a Prayer alongside or with students, bow their heads or otherwise posture in a manner that is likely to be perceived as an endorsement of the Prayer, or kneel or join hands with students. A School Official's remaining still and silent with hands folded, as a sign of respect, during a Prayer shall not alone constitute an endorsement.

(b) School Officials shall be present at student-, religious-club meetings or events only in a nonparticipatory capacity. School Officials shall not lecture, proselytize, pray, or preach at student-, religious-club meetings or events.

(c) School Officials shall not read or assign readings from a sacred text or a sermon absent a legitimate non-religious educational objective. School Officials shall not cite to the Bible or any sacred text as authority for

historical or scientific fact to students during or in conjunction with a School Event.

(d)     School Officials during or in conjunction with a School Event shall not solicit, discourage, or encourage students to engage in religious activity or attend a Religious Service.

(e)     School Officials shall not orally express personal religious beliefs to students during or in conjunction with instructional time or a School Event. School Officials shall not express personal religious beliefs to students through written or symbolic means (whether placed on a classroom wall, erected on a classroom floor, or attached or placed on the District's tangible property). However, jewelry on the School Official's person or clothing or religious articles worn by the School Official (e.g. a yarmulke and a cross necklace) are permissible. Nothing herein shall prohibit a teacher from using religious symbols, articles, or books for a non-religious educational reason.

(f)     School Officials shall not include any information that is not directly related to their official duties on their Teacher Pages or similar teacher-specific pages posted on or directly navigable from a District school's webpage. Except for educational background, School Officials shall exclude on such pages biographical information, e.g. personal interests, memberships, and activities.

(g)     School Officials shall prohibit nonreligious Clubs and organizations from having an official position in the organization of

"chaplain" or one whose responsibilities are to serve as a religious leader, counselor, or guide. Nor shall School Officials recognize such a position.

9.      School Officials are permanently enjoined from taking retaliatory action against Plaintiffs for bringing this lawsuit.

## Other Orders

10.     The Defendants shall provide a copy of this Order to all current School Officials throughout the School District. The Defendants shall provide a copy of this Order to all persons who later become School Officials, for the period from the present to January 1, 2015. This Order shall be disseminated in the same manner as School Board Policies and Procedures and shall be maintained in any electronic or paper policy manual. This Order shall be included in the District's "Code of Student Conduct" or substantially equivalent publication.

11.     The Defendants shall continue to maintain a process for the investigation of student initiated complaints.

12.     This Court retains jurisdiction of this case to enforce the terms of this Order.

13.     **Attorneys' Fees, Costs, and Litigation Expenses**: Pursuant to (a) 42 U.S.C. §1988, (b) Rule 54, Federal Rules of Civil Procedure, and (c) Rule 54.1. Local Rules of the Northern District of Florida, this Court concluded that the Plaintiffs are the prevailing parties on all claims filed in this matter. The Court concluded that the Defendants are liable (as the term

is used in N.D. Fla. Loc. R. 54.1 (C)) for the Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses in accordance with applicable law. The parties reached an agreement on the amount of attorneys' fees, costs, and litigation expenses, including those for any monitoring, through June 30, 2011, which the Defendants paid.

14.    The Clerk entered Judgment in favor of the Plaintiffs, Minor I Doe and Minor II Doe, and against the Defendants. Judgment (DE 96). Defendants paid Minor' Doe damages in the amount of $1.00. Defendants paid Minor II Doe damages in the amount of $1.00.

15.    Nothing in this Order will be construed to limit any party's right to enforce this Order according to its terms. If any court of competent jurisdiction determines that any provision contained in this Order, or any part thereof, cannot be enforced, the parties agree that such determination shall not affect or invalidate the remainder of the Order.

16.    This Order shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, successors, and assigns.

17.    This Order is designed to ensure that the School District's practices and policies do not violate, either currently or in the future, the First Amendment rights of students in the School District. The parties to this Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order before bringing such matters to the Court for resolution. On the Plaintiffs' counsel's request, the Superintendent shall provide information reasonably available to him so

that the Plaintiffs' counsel may ensure the School Officials' compliance with this Order and evaluate in context the Defendants' guidance and interpretation of this Order and their enforcement efforts with respect to this Order. However, in the event that the Defendants either fail to perform in a timely manner any act required by this Order or act in violation of any provision of this Order, each Plaintiff or any affected student-present or future-who alleges a violation may contact the Plaintiffs' counsel. As may be appropriate, counsel may then move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts.

18.    The Defendants, their agents, representatives, successors, and assigns shall take no action that would disclose the identities of the Plaintiffs, including the release of filed or unfiled court documents, or otherwise compromise the Plaintiffs' anonymity until May 6, 2014.

19.    On or about May 6, 2014, the parties shall contact the Court to discuss the need for further continuation of the Order.

20.    If this Order does not expressly prohibit conduct, then it is permitted as authorized by law.

SO ORDERED, this ___ day of August 2011

HON. M. CASEY RODGERS, U.S. District Judge

By their signatures on this and the following pages, the undersigned parties agree to, and request the entry of, this Order:

**PLAINTIFF MINOR I. DOE**

**Redacted**

**DEFENDANT SCHOOL BOARD FOR SANTA ROSA COUNTY, FLORIDA**

by Diane Scott
School Board Chairperson

**PLAINTIFF MINOR II. DOE**

**Redacted**

**DEFENDANT TIM WYROSDICK, in his official capacity as Superintendent of the School District of Santa Rosa County, Florida**

by Tim Wyrosdick

**DEFENDANT BRYAN STEPHEN SHELL, in his official capacity as Principal of Pace High School**

by Bryan Stephen Shell

SANTA ROSA COUNTY SCHOOL BOARD
SUPERINTENDENT

JUL   5  2011

APPROVED-IN SESSION

**Approved as to Form:**

**Plaintiffs' Counsel**                                          **Defendants' Counsel**

**Benjamin James Stevenson**                                     **Robert J. Sniffen**
American Civil Liberties Union Found. of Fla.                    rsniffen@sniffenlaw.com
Post Office Box 12723                                            **Lindsey Dunn**
Pensacola, FL 32591-2723                                         ldunn@sniffenlaw.com
bstevenson@aclufl.org                                            Sniffen & Spellman, P.A.
Tel: 850.429.9128                                                211 East Call Street
Fax: 786.363.1985                                                Tallahassee, FL 32301
                                                                 rsniffen@sniffenlaw.com
**Randall C. Marshall**                                          Telephone: (850) 205-1996
RMarshall@aclufl.org                                             Facsimile: (850) 205-3004
**Maria Kayanan**
MKayanan@aclufl.org                                              **Paul R. Green**
American Civil Liberties Union Found. of Fla.                    Paul R. Green, P.A.
4500 Biscayne Blvd., Suite 340                                   PO Box 605
Miami, FL 33137                                                  Milton, FL 32570
Tel: 786.363.2700                                                paulg1229@bellsouth.net
Fax: 786.363.1108                                                Telephone: (850) 623-3841
                                                                 Facsimile: (850) 623-3555
**Daniel Mach**
dmach@aclu.org
**Heather L. Weaver**
hweaver@aclu.org
ACLU Prog. on Freedom of Religion & Belief
915 15th Street, NW
Washington, DC 20005
Tel: 202.675.2330
Fax: 202.546.0738